Good morning, Your Honors. Good morning. May it please the Court, Laura Zolnikoff of Velasco Law Group, on behalf of Appellant Araceli Maloney. I would like to reserve five minutes of my time for rebuttal. As this appeal turns squarely on issues of law, it should be reviewed de novo. Distilled to its essence, this appeal seeks to remedy an order in judgment which directly contradicts prior orders of the Court. The crux of the argument as to why the order in judgment are contradictory in light of previous Court orders centers on Appellee Gicana's lack of entitlement to either the 401k proceeds of Efren Molina-Martinez or the life insurance proceeds of Efren Molina-Martinez. What is going on in probate court and why isn't this matter wrapped up in probate court? I couldn't quite figure that out. Yeah. Well, first it was ordered on behalf of Araceli Maloney, we enforce the arbitration clause. I'm sorry? We enforce the arbitration clause. So it's now before a court arbitrator. And that's set to be heard. But the reason why these specific assets What's going on in probate court? Nothing, nothing right now. What's pending? What's pending is the arbitration on the validity of the amendments. The amendments to the trust instrument? Correct. So the sort of last minute amendments to the trust instrument? Absolutely. Okay. And just to touch on that quickly, the validity and the outcome of the arbitration is completely irrelevant to these proceeds because under any version of the trust, Appellee Gicana is not entitled to these proceeds specifically. So whether or not the amendments are later proceedings. Again, Appellee Gicana is not entitled to the proceeds themselves. In fact, the district court ruled that it was the trust who was entitled to the proceeds and the proceeds would be distributed in accordance with Article VI of the trust, which names Araceli Maloney as the residual beneficiary. Because this is the case, Araceli Maloney, appellant today, is the true recipient of the proceeds. Well, the district court said that the insurance proceeds and the 401k belong to the trust, correct? That's absolutely correct. Okay. Does the district court say anywhere that Maloney is the sole beneficiary of either of those funds? Yes, it does. Where is that in the district court decision? If you look to the excerpt of record, motion summary judgment, I believe it's page 48 of that order. It says it's supposed to be distributed in accordance with Article VI of the trust. Article VI of the trust devises one specific real property to Eric Martinez, and the balance of the trust assets are to be distributed to Araceli Maloney. So everything besides one real property is supposed to go to Araceli Maloney pursuant to Article VI. The court also said it's not going to determine the validity of the amendment, but rather order it to be distributed in accordance with Article VI, which ultimately would go to Araceli Maloney. So I'm looking at page 48, and it says there's no genuine dispute that Decedent's Trust was the true beneficiary of the life insurance proceeds. Since Maloney failed to clearly designate herself as beneficiary in her trustee capacity, she breached her fiduciary duty. That's what the district court says there. So maybe I'm missing where you were referencing. Well, on rebuttal, I'll look at the exact page number, but they make an order that it's to be distributed in accordance to Article VI of the trust. That specific notation to the record is in our briefs. But regardless, if she breached her fiduciary duty, the issue is who did she breach her fiduciary duty to? Ultimately, it's to herself and her capacity as an individual, because... She breached her fiduciary duty to the trust, presumably. I think that's been the difficulty of this litigation, is the mixing and matching of the duties. Correct. So she kind of views herself as the queen of everything, as opposed to having specific duties, such as trustee, duty to the trust, as opposed to duty to herself. It seems to me that's the crux of the whole issue, isn't it? Well, in part. So the real issue is, regardless, Gicana has no entitlement to an equitable lien. It's Maloney who would have an entitlement to an equitable lien in her capacity as beneficiary. So an award of an equitable lien in favor of Appellee Gicana is in opposition to the law, as she hasn't proven she has an entitlement or suffered any losses, as Maloney is the underlying beneficiary. Well, if your client breached her fiduciary duty, who do you think would have an obligation to test that in the courts? Well, that's where the difference in capacities and how she's representing herself is really at issue, and it becomes a moot point, essentially. The same way, if you look to who's owed an accounting, the probate code specifically devises an exception, where if the trustee and the beneficiary are the same person, you don't owe an accounting to yourself in your capacity as beneficiary. You technically would owe it if you weren't the person who is entitled, ultimately, to the proceeds. But then, if you go on, what I think the part I just read you related to the proceeds, with respect to the 401k benefits, the court says, Maloney liable as a matter of law for breach of fiduciary duty and designating herself as the beneficiary of the 401k benefits. Correct. Is there a legal infirmity with that ruling? Well, that's what we're here for today. Well, but what's wrong? I don't still understand your point as to where did the district court go wrong. They went wrong in the order and judgment, not necessarily the motion for summary judgment order is what's contradictory to the order and judgment. Specifically, the order and judgment, and what we're here challenging today, gave Apelli Giaccona an equitable lien over an asset to which she's neither entitled nor suffered any loss. Because she's unable to establish those elements, that's the error on the part of the court. Beyond that, the district court awarded relief for which Apelli Giaccona never prayed for or otherwise abandoned. Because of this, Appellant Maloney was denied her due process rights. She was neither provided fair notice of these causes of action nor a showing of entitlement as they were never pled. Beyond that, in the court's final pretrial order, it's clearly and expressly stated the sole issue for trial was whether or not Ms. Giaccona was entitled to either a constructive trust or an equitable lien. So, to later award an equitable lien over an exempt asset, which is exempt from judgment, and in favor of somebody who has no entitlement otherwise, was an error. I gather what the court was trying to do was preserve the corpse, make sure it's there, and that's all that's been done in this case until it's finally determined. Isn't that so? Not exactly. So, the issue here is they have put an equitable lien over an exempt asset, a personal 401k plan of Appellant Maloney. If you look to the record, we cite California Code of Civil Procedure 704.110, and it's an exempt asset. Beyond that, under any version of the trust, even if we're assuming here today that Apelli Giaccona is 100% successful in her arbitration proceeding and all the amendments are invalidated, under no version of the trust does it say that the 401k proceeds and the life insurance proceeds go to Apelli Giaccona. To follow up on your first question, it's not entirely clear, so help me if I'm wrong. I thought that one of the things that was occurring in probate court was that the validity and the meaning of the last-minute amendments to the trust was going to be adjudicated. That's true. That's before the arbitrator. All right, so once that happens, then won't this problem get sorted out? Well, not entirely, because there's a second part of our appeal, which is the underlying dependent judgment for attorneys' fees and costs. And because the underlying... The arbitrator could rule in your favor. Correct. And then that still leaves the tag end of the fees and the costs to be sorted out. But why isn't this ruling that gets us here simply, if you will, a stakeholder ruling to keep your client from taking cruises and buying Manolo's shoes until the arbitrator can figure out exactly whether this money goes into her pocket or goes into the trust? Well, because my client's being unfairly prejudiced, as she's unable to take, as she normally would, from her retirement. It's an exempt asset. And she relies on her personal retirement to survive. And the fact that the underlying equitable lien was erroneous in the first place, as Appellee Giaccona was unable to show an entitlement or any harm. And under any version of the trust, there's no specific gift of these proceeds to her. It's unfairly impacting Appellee Maloney. But that's what the arbitrator's going to decide. But in the meantime, there's still the attorneys' fees and costs award, which were awarded, and not apportioned, and were awarded erroneously underneath the underlying judgment, which we're here seeking to reverse today. But on the other side of the equation, there is the argument that your client is wasting these assets that don't belong to her, and that if your client loses, you know, Carnival Lines is not going to give back the fee, the money collected for this cruise. Absolutely. And there's actually a case, Rousey v. Jackaway, which we cite in our brief, where this was a similar circumstance. And the court held that you cannot attach a lien or a judgment to an exempt asset, which is a personal 401k. So my client needs these monies to survive, and she's being unfairly prejudiced when Ms. Chicana hasn't proven her case at the bare minimum to show that she's either entitled or suffered a harm. Even if we're to consider what the arbitrator is going to be deciding, Ms. Chicana still needs to be able to show she suffered a harm, which she's been unable to do. There is nothing in any trust ever created in the name of Efren Molina-Martinez that says the 401k proceeds and the life insurance proceeds are to be specifically devised to Ms. Bambi Chicana. Do you want to reserve your remaining time? I do. Thank you, Your Honors. Good morning, Your Honors. May it please the Court, Mr. Rodriguez on behalf of Pelley, Ms. Bambi Chicana. I think the questions that have been presented by Your Honors are directly on point. First of all, the arbitration trial is presently set for March 16th of next year, and it is at that trial that the arbitrator will indeed determine the integrity of the amendments that are referenced in footnote 8 of Judge Liu's decision. Also, if I may add, at this point the claimants within the arbitration are also disputing the integrity of the restated trust itself on different evidentiary grounds. So at this point, those issues are up in the air, and once those issues get resolved, then at that point we can determine exactly who is entitled to these benefits or to these retirement benefits. And I think Judge Liu's decision is excellent in that he concluded that they belong to the trust, and during the arbitration proceeding, we determine who are the true beneficiaries of the trust. But I think your opposing counsel for Maloney says you can't impose this constructive trust or equitable lien on an exempt asset, which is the IRA. What is your response to that? Well, at the trial, Your Honor, we traced the 401k benefits that belonged to the decedent into the account that Ms. Maloney claims is exempt. The IRA. The IRA. And it was all a matter of tracing. It was a matter of evidence. You know, if a bank robber, you know, robs money out of a bank and puts them into an exempt IRA, he can't at that point tell the authorities, well, you can't get the money because it's in an exempt IRA. So the money is basically in a holding pattern because there's a lien of the disputed amount that Judge Liu found is now under equitable lien. Is that right? Yes, the lien is on. So the money is not supposed to go anywhere. Well, it's not supposed to go anywhere, but it is going places. It's going to cruises. It's going to, well, I'm not sure. Well, once you have the equitable lien, is it still going places? It's still going places. I subsequently brought a motion for a receiver, which was denied because under federal law, the appointment of a receiver is an extraordinary remedy. So it was difficult for me to get the receiver placed upon the 401K proceeds or to the account it had been placed. So what is the effect of the equitable lien? Well, it hasn't been helpful, Your Honor. One of the other problems that arose post-judgmental. Well, that's all that's on appeal here, isn't it, is that Judge Liu made a summary judgment ruling, then he has his trial, and at the end of the trial, basically, Judge Liu traces these proceeds to the IRA and then puts an equitable lien on the IRA, correct? That's correct. Isn't that what's on appeal here? Yes, Your Honor. So you're saying even if you win, you lose? Yes, possibly, because the monies are being dissipated at this point, and I can't stop that from happening. You said you applied. Does Judge Liu know that the dissipation is continuing? Yes. I presented evidence to that effect.  He wouldn't appoint a receiver. And he wouldn't give you any other relief? Well, no, he did not. Is any of this going to be collateral estoppel in the arbitration? I don't believe so, Your Honor. I think the primary, if not exclusive, issue at the arbitration is the integrity of the amendments and whether or not they were procured by undue influence or not, which is really a probate issue. And that will determine whether these assets go into trust or go free and clear of trust? No, they'll be held by the trust. The question at that point is, well, who are the beneficiaries of the trust? And it is our position that the widow, Ms. Bandy Shekana, is the beneficiary, along with the decedent son, who is also a claimant in the underlying arbitration. And if you lose on that, who wins? Who are the beneficiaries? Well, the beneficiary at that point would be Ms. Maloney, to a certain degree. I mean, I'm not going to say completely, but, you know, if those amendments are valid, if they were not procured by undue influence, then by the clear English reading of those amendments, she's entitled to the proceeds. So, I mean, the only thing you're defending here is the district court's imposition of the lien? No, I'm not here on anything. Well, I mean, well, they're basically saying that you can't, this is an inappropriate action by the district court. So your position, I assume, is that this was within the district court's authority. Yes, that's correct. And I don't dispute, nor did I appeal the decision by Judge Liu with respect to the motion for summary judgment. And given your very first question, Your Honor, I have yet to determine, given his decision, where he concluded that Ms. Maloney is the beneficiary because she's the residual beneficiary under the trust. I can't find that in the decision. I'm just trying to understand why we're here. Right. I thought I knew. I thought I knew. Now I'm confused. I agree. So this money in the IRA is controlled by Ms. Maloney, correct? That's correct. So, therefore, the equitable lien is basically a piece of paper? As of this point, yes. Okay. However, the life insurance proceeds under the judgment or Judge Liu's ruling, they were supposed to be deposited with the probate court. So that corpus stands preserved. Yes, that's preserved. But given the court's ruling, Ms. Maloney should be holding these funds pursuant to, I mean, as the successor trustee of the trust. Your adversary says that the problem she's concerned with is that the judge awarded attorney's fees and costs, which if it's determined that Judge Liu was incorrect, she's still out those fees. Well, he was not incorrect in determining. Well, it was Ms. Maloney's position initially that she was entitled to the retirement benefits personally. Right. That she was not entitled to them as the trustee of the trust. Correct. And Judge Liu decided that, no, she reached a fiduciary duty. She was the trustee of the trust. She's supposed to hold the monies as the trustee of the trust as opposed to holding them personally. Right. As opposed to taking the trips that the court referred to. Right. So in that respect, regardless of what happens at the arbitration, I mean, the attorney's fees that my client incurred to get Judge Liu to rule that should not be moved or disturbed. I mean, if we had not done that, it is possible that all the monies that Ms. Maloney had acquired or all of the retirement benefits could be completely dissipated at this point. At the moment, as I see the record, the court attempted to do what it could to maintain the status quo, and he did something to cause some of the money that he thought was inappropriately used to be placed back into the pot. And what is argued, as I understand it, is that some of the money he's put back in the pot shouldn't be there. Judge Liu concluded that all of the monies, all the retirement benefits, whether it be life insurance benefits or whether it be 401K benefits, all of that money belonged to the trust. And he so held in his decision. And so when will it be resolved? The arbitration trial is set for March 16th of next year. It's a five-day trial. And at that point, we will determine who are the true beneficiaries of the trust. And if my clients are determined to be the beneficiaries, they would be entitled certainly to the life insurance proceeds, which have been deposited or should be deposited with the probate court, as well as the entirety of the retirement benefits that are being held by Ms. Maloney, but which are being dissipated at this point. So what do you think the bottom line of this court's ruling should be? Well, I think the court should affirm the decision of Judge Liu. I mean, I didn't file these appeals. I would not have filed these appeals because it was really, as the court, Your Honor, stated, that Judge Liu was just simply holding these monies or concluding that these monies should be held in abeyance while we resolve the underlying issues through the arbitration trial, i.e., who are the beneficiaries of the trust. And I gather their concern is that so much of the money has been designated attorney's fees, and they feel that's improper. What do you have to say about that? Well, it was Ms. Maloney's position that those monies belonged to her personally. They didn't belong to my clients. It was Ms. Maloney's position that, despite the fact that she was the trustee of the trust, those monies belonged to her. As a result of the underlying trial, the underlying litigation, as a result of Judge Liu's decision, Judge Liu has decided otherwise, that, no, she breached her fiduciary duty in declaring that. Now the status quo until such time as March 16th or whatever it is, isn't that the status at the moment? Yes, there should be a status quo at this point, however. All right. Thank you. Thank you. Thank you. What's wrong with the status quo until March 16th? Well, a few things. First, I found the excerpt of the record where Judge Liu says that these assets are to be distributed in accordance with Article VI. It's page 48, lines 21 through 22. What it says is, because they're to be distributed in accordance with Article VI, RSLE Maloney is the ultimate beneficiary of them. Even if we are to maintain the status quo. I'm looking at excerpt of record 48, so maybe you're looking at a different page. It's page 48. It's page 13 of the motion for summary judgment ruling. It's lines 21 through 22. But it gives the, and I may have the page number wrong. Something is quite off because I'm looking at page 47, which is 13 of the summary judgment, looking at page 48. So page 13 of the order on the motion for summary judgment has the footnote 8, where it says, this court does not speculate as to the validity of the amendments. Yes. And beginning on that same page, lines 20 through 22, it says, if any on decedent's life upon the death of a decedent, which are then payable to the trust, and shall hold such proceeds for the purposes on the trust provided for in Article VI. That's a little different than the judge making a declaration. That's basically simply quoting from the document, correct? Correct, because he's saying, even on page 15 of this order, he is saying he's not speculating as to the terms. The terms are what the terms are. Article VI mandates that they go to RSLE Maloney. He's not invalidating. Where does he say that? I mean, that's why I think we're having a disconnect here. He's quoting the language, but he doesn't say, this means they go to Ms. Maloney. In reading the plain language, even Appelli Giaccona. Well, that's how you interpret it, but he doesn't say that anywhere. Well, Appelli Giaccona's counsel just affirmed that if you read the plain language of the trust, as it's written now, it goes to appellant Maloney. This is not an undisputed fact between either party. If the trust is upheld, it goes to appellant Maloney under Article VI. Because of this, imposing an equitable lien, which is not justified under the law. But it was imposed on behalf of the trust. Correct. Not Giaccona. You're absolutely correct. As you keep saying. You're absolutely correct, and that's why the award of attorneys fee should be reversed. Specifically, Ms. Giaccona was unsuccessful on four of her five cross complaints. She was not successful on the merits at all. She did not receive $1 of affirmative relief. In fact, if we are successful in the arbitration, the only successful party here is Ms. Maloney. Therefore, in order for this relief to be equitable, it's unfair and incongruous with the law to award such extreme relief to a party who has shown no success on the merits, only success on behalf of the trust. The problem, though, isn't that you can tell me whether it's a problem, but the only reason the attorneys fees were incurred, it appears, was because of mistaken actions by Ms. Maloney that she could use the funds herself rather than place them in the trust. So attorneys fees were incurred. And it's a substantial sum, but now it's done. It's stopped. The status quo is held. I think the bleeding stopped. The status quo is there, but the attorneys fees are still going to come out of the funds, and I gather you want us to say no, not the attorneys fees. And on what basis would we say no? Well, let me tell you. There is a case we cited in our brief. It's Buckhannon Board and Care Home versus West Virginia Department of Health and Human Services. It says that normally each side bears their own costs in accordance with litigation unless a statute provides otherwise. Here, there is a statute, and that's a part of how Judge Liu reasoned this. However, if you actually read the statute, there is a distinction here. It's 29 U.S.C. section 1132G. What it says is a beneficiary can seek attorneys fees. However, Ms. Gikana, by the court's own ruling, is not a beneficiary of these assets. Beyond that, the relief that was awarded to Ms. Gikana is nonexistent. The only relief that was awarded is to the trust. Here, it's a distinction without a difference as the trust stands and is undisputed. It is Ms. Maloney who is the beneficiary. Beyond this, counsel for Apelli Gikana brought up a motion for receivership. What he failed to mention is in Judge Liu's opinion on why he denied it. He clearly states, it's not clear if Apelli Gikana even has a claim to these assets, so he can't award a receivership over assets in which she has no legitimate claim, which is an underlying element for equitable lien. So both the equitable lien judgment and order should be reversed, as well as the dependent attorneys fees award. No, you know the difficulty. At least this is the third. I can't speak for everybody. But the problem is the attorneys fees would never have been incurred if Ms. Maloney had not mistakenly, I'm saying, acted as if the money was her own rather than the money was a part of the trust. Now, and I assume that's why the court decided, all right, I'm going to take the attorneys fees where I can take them. And you can take them wherever the funds are. Well, here's the issue with that, is it's out of accordance with the law to award attorneys fees when there's no entitlement to relief and you didn't get relief. In fact, it says. Well, she did get the relief. She got the relief to say you can't spend the money. It's got to go into the trust. Isn't that relief? She got an equitable lien of which she doesn't have the baseline entitlement. The relief that was granted. Was to the trust, right? Was to the trust. And that's the big distinction here, is it's to the trust. It's not to a pellejicana. Beyond that, the court said in their denial of the motion for receivership. That doesn't really make much sense to me. I mean, her point was that these funds are being dissipated. They don't belong to her personally. They belong to the trust. And ultimately, we're not sure what the arbitration is going to say, but you're going to lose in that. Even if she loses, under any trust version, any trust version, these proceeds are a part of the residue, which means they ultimately go to appellant Maloney, which is why the baseline order and judgment must be reversed, as you have to be able to show an entitlement and a harm under both the Bailu case as well as the Nietzsche case. You have to show that you have an entitlement. If you can't, an equitable lien is inappropriate. Okay. Thank you. We've got your argument in mind. Thank you both. Thank you. Metropolitan Life versus Chicana and Maloney is submitted.
judges: Parker, Farris, McKeown